UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. BRICE,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | **ECF CASE**<br><br>**MEMORANDUM OPINION & ORDER**<br><br>10 Civ. 614 (PGG) |
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Third-Party Plaintiff,<br><br>   v.<br><br>ARGYLE DEVELOPMENT II LLC and AB DESIGNBUILD,<br><br>        Third-Party Defendants. | |

PAUL G. GARDEPHE, U.S.D.J.:

    This is an insurance coverage dispute. Plaintiff Richard Brice alleges that Defendant State Farm Fire and Casualty Company ("State Farm") improperly refused to compensate him, under his homeowner's policy, for damage to his property caused by excavation and construction on an adjacent property. While State Farm provided coverage for losses caused by vibration stemming from the work on the neighboring lot, it denied coverage for property damage caused by negligent underpinning, claiming that Brice's homeowner's policy offered no coverage for damage caused by earth movement. Brice's suit seeks $739,000 in damages and attorneys' fees. Pending before the Court is State Farm's motion for summary

judgment.  For the reasons stated below, State Farm's motion will be GRANTED.

## BACKGROUND

State Farm provided Brice with a homeowner's insurance policy for his two-story residential building located at 463 West 150th Street, New York, New York, effective January 15, 2008 to January 15, 2009.  (State Farm R. 56.1 Stmt. ¶ 1)[1]  On or about April 10, 2008, Brice's neighbor began excavation and construction activities on an adjacent property.  The excavation caused significant structural and other damage to Brice's property due to faulty underpinning that permitted earth to slide away from the foundation of Brice's building.  (State Farm R. 56.1 Stmt. ¶¶ 2, 4; Fleming Decl. ¶ 3, Ex. 2 at 3 (April 28, 2010 Sunshine Ltr.) ("it is undisputed in this case . . . that the underpinning was flawed and as a result, earth slid away beneath plaintiff's building causing damage"))  Brice submitted a claim to State Farm for damages resulting from the negligent underpinning, but the carrier agreed to pay for only $11,615.99 in damage caused by vibration, denying the balance of the claim on a variety of grounds, including an earth movement exclusion provision in the policy.  (State Farm R. 56.1 Stmt. ¶ 5; Fleming Decl., Ex. 3 at SF-0005)

On December 18, 2009, Brice filed suit in Supreme Court of the State of New York, New York County, seeking $739,000, representing damages for the unpaid portion of his claim and attorneys' fees.  On January 27, 2010, State Farm removed the action to federal court on diversity grounds.  (Docket No. 1)  State Farm subsequently filed a third-party complaint

---

[1]  Unless otherwise noted, citations to the parties' Rule 56.1 statements concern factual assertions that are admitted or are deemed admitted because they were neither admitted nor denied by the opposing party or have not been contradicted by citations to admissible evidence.  See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)).

against the developer (Argyle Development II LLC) and general contractor (AB DesignBuild) who performed the work on the adjacent property. (Docket No. 7)

State Farm has now moved for summary judgment against Brice based on the earth movement exclusion provision in his homeowner's policy.

## DISCUSSION

### I. LEGAL STANDARD

Summary judgment is warranted when the moving party shows that "there is no genuine issue as to any material fact" and that it "is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

"A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). In deciding a summary judgment motion, the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001). However, "a party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.'" Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986)).

Under New York law,[2] "'[t]he proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by

---

[2] The parties do not dispute that this case is governed by New York law.

summary judgment.'" RSL Commc'ns, PLC v. Bildirici, No. 04 Civ. 5217 (RJS), 2010 WL 846551, at *1 (S.D.N.Y. Mar. 5, 2010) (quoting Omni Quartz v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002)); Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010) ("Under New York law . . . the initial question for the court on a motion for summary judgment with respect to a contract claim is 'whether the contract is unambiguous with respect to the question disputed by the parties.'" (quoting Int'l Multifoods Corp. v. Commercial Union Ins. Co., 309 F.3d 76, 83 (2d Cir. 2002))). Where the provision to be interpreted is a policy exclusion in a contract, courts will enforce such policy exclusions where they "'have a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion.'" Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co., 12 N.Y.3d 302, 306 (2009) (quoting Breed v. Ins. Co. of N. Am., 46 N.Y.2d 351, 355 (1978)).

The New York Court of Appeals has noted that the "law governing the interpretation of exclusionary clauses in insurance policies is highly favorable to insureds":

> "[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language. Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation."; see also Cone v. Nationwide Mut. Fire Ins. Co., 75 NY 2d 747, 749 [1989] [exclusions from coverage "construed strictly against the insurer"]; Breed Insurance Co. of No. Am., 46 NY2d 351, 353 [1978] ["ambiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause"].)

Pioneer Tower, 12 N.Y.2d at 307 (quoting Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 311 (1984) (citations and internal quotation marks omitted)).

"An ambiguity exists where the terms of the contract 'could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" Bildirici, 2010 WL 846551, at *1 (quoting Maverick Tube Corp., 595 F.3d at 466).  However, "[l]anguage whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation." Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir. 1989).  "Thus, the court should not find the contract ambiguous where the interpretation urged by one party would 'strain [] the contract language beyond its reasonable and ordinary meaning.'" Maverick Tube Corp., 595 F.3d at 467 (quoting Bethlehem Steel Co. v. Turner Constr. Co., 2 N.Y.2d 456, 459 (1957)).

The Second Circuit has stated that

> [w]here the parties dispute the meaning of particular contract clauses, the task of the court "is to determine whether such clauses are ambiguous when 'read in the context of the entire agreement,'" Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1095 (2d Cir. 1993) (quoting W.W.W. Assocs.[, Inc. v. Giancontieri, 77 N.Y.2d 157, 163 (1990))]; and "where consideration of the contract as a whole will remove the ambiguity created by a particular clause, there is no ambiguity," Readco, Inc. v. Marine Midland Bank, 81 F.3d [295, 300 (2d Cir. 1996)]; see, e.g., Hudson-Port Ewen Assocs., L.P. v. Kuo, [] 78 N.Y.2d 944, 945 (1991).

Maverick Tube Corp., 595 F.3d at 467.

Accordingly, "'[i]f the court finds that the contract is not ambiguous[,] it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of extrinsic evidence' and it may then award summary judgment." Int'l Multifoods Corp., 309 F.3d at 83 (quoting Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, England, 136 F.3d 82, 86 (2d Cir. 1998)).

5

II.     **STATE FARM IS ENTITLED TO JUDGMENT AS A MATTER OF LAW**

In moving for summary judgment, State Farm argues that the following language in Brice's homeowner's policy unambiguously excludes coverage for the property damage at issue here:

**SECTION I – LOSSES NOT INSURED**

\*   \*   \*   \*

> 2. [State Farm] do[es] not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> \*   \*   \*   \*
>
> b. **Earth Movement**, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion <u>or movement resulting from improper compaction, site selection or any other external forces</u>. . . .

(State Farm R. 56.1 Stmt. ¶ 6; Fleming Decl., Ex. 1 at SF-0182) (emphasis added)

State Farm argues that numerous courts have ruled that its earth movement exclusion provision broadly bars claims for any damage caused by earth movement, whether of natural or manmade origin. (State Farm Br. 10) The cases relied on by State Farm involve policy language less favorable to the carrier than that at issue here, because the phrase underlined above – "or movement resulting from improper compaction, site selection or any other external forces" – was not included in the earth movement exclusion provision at that time. These courts nonetheless concluded that the exclusion provision barred coverage where earth movement was caused, as here, by construction activity. <u>See, e.g.</u>, <u>State Farm Fire & Cas. Co. v. Bongen</u>, 925

P.2d 1042, 1045-46 (Alaska 1996) (applying earth movement exclusion to bar coverage where plaintiffs' home was destroyed by a mudslide caused by construction activity taking place above their property; "the policy excludes coverage for losses caused by both natural and man-made earth movement"); State Farm Fire & Cas. Co. v. Castillo, 829 So.2d 242, 243, 245 (Fla. Dist. Ct. App. 2002), review denied, 846 So. 2d 1147 (Fla. 2003) (applying earth movement exclusion to bar coverage where plaintiff's home was damaged "by earth movement below the structure of the[ir] house" "caused by construction blasting near their property"; finding that "State Farm's policy excludes from coverage any loss resulting from earth movement, regardless of the cause of the earth movement") (emphasis in original)); see also Boteler v. State Farm Cas. Ins. Co., 876 So.2d 1067, 1069 (Miss. Ct. App. 2004) (applying earth movement exclusion to bar coverage where the foundation of plaintiff's home shifted as a result of a water leak beneath his home; "[t]he earth movement exclusion applies to damage arising from natural and external forces"); Rhoden v. State Farm Fire & Cas. Co., 32 F. Supp.2d 907 (S.D. Miss. 1998) (applying earth movement exclusion where plaintiffs' home was damaged by instability beneath its foundation caused by improper construction).

        Brice does not address any of this case law, but instead relies exclusively on Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co., 12 N.Y.3d 302 (2009). Brice argues that the Pioneer Tower case "is not only identical on all factual points to the instant case, but it involves the same insurance company (State Farm) and the identical policy." (Brice Br. 10) Because the policy language at issue in Pioneer Tower differs significantly from the language at issue here, Brice's argument fails.

        In Pioneer Tower, plaintiff sought recovery under a State Farm policy for damage to its condominium apartment building caused by construction on a neighboring lot. That lot

was being excavated, and the underpinning built to protect the foundation of plaintiff's building was flawed. "[A]s a result[,] earth slid away beneath plaintiff's building, causing damage." 12 N.Y.2d at 305. The facts concerning the loss are thus strikingly similar to the facts in the instant case.

The policy language at issue in <u>Pioneer Tower</u> was as follows:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss . . .
>
> > b. earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, erosion, and subsidence but does not include sinkhole collapse.

<u>Id.</u> at 305-06.

State Farm argued that the exclusion applied because Plaintiff's loss was caused by movement of earth. Plaintiff pointed out, however, that the exclusion spoke to "earthquake, landslide, erosion and subsidence," all of which are natural occurrences, and that "an excavation – the intentional removal of earth by humans – is a different kind of event from an earthquake and the other examples given." Plaintiff further contended that "when specific examples are mentioned, those not mentioned should be understood to be things of the same kind." <u>Id.</u> at 307-08. The Court of Appeals concluded "that both plaintiff's and defendant's readings of the clauses are reasonable," but affirmed summary judgment in plaintiff's favor, stating that "[o]ur precedents require us to adopt the readings that narrow the exclusions, and result in coverage." <u>Id.</u> at 308. The Court commented that "[t]his case is a close one," but ruled "that the event that caused plaintiff's loss was [not] unambiguously excluded from the coverage of this policy." <u>Id.</u> at 307.

8

Pioneer Tower and the cases it relies on (id. at 308) do not control here, because the revised language now used in State Farm's earth movement exclusion provision explicitly includes both natural and manmade events. The newly added clause (d) of the "lead-in provision" warns that the carrier does not insure for a loss caused by an

> excluded event . . . whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these. . . .

(State Farm R. 56.1 Stmt. ¶ 6 (emphasis added)). The "body" sub-paragraph addressing "earth movement" has likewise been altered to list not only natural events such as "earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, [or] erosion" but also earth "movement resulting from improper compaction, site selection or any other external forces." Id. The references to "improper [soil] compaction" and "site selection" make clear that the exclusion is intended to include manmade events. The reference to "any other external forces" clearly conveys the intention to exclude from coverage property damage resulting from earth movement caused by "any" "external" act, including human conduct.

Here, it is undisputed that the excavation and improper underpinning that took place on the lot adjacent to Brice's property caused "earth [to] slid[e] away beneath plaintiff's building causing damage." (State Farm R. 56.1 Stmt. ¶¶ 2, 4; Fleming Decl. ¶ 3, Ex. 2 at 3 (April 28, 2010 Sunshine Ltr.)  Accordingly, the acts causing the movement of earth and the resulting damage to Brice's house were committed by an "external force" – the contractor working on the adjacent lot. Because – under State Farm's revised earth movement exclusion provision – property damage flowing from such an external force is clearly and unambiguously excluded from coverage, Brice's coverage claim was properly denied and State Farm is entitled to summary judgment. See Bildirici, 2010 WL 846551, at *1 ("'The proper interpretation of an

9

unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment.'" (quoting Omni Quartz v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002)).

## CONCLUSION

For the reasons stated above, State Farm's motion for summary judgment is GRANTED. The Clerk of the Court is directed to terminate the motion (Docket No. 23).

Dated: New York, New York
       December 29, 2010

SO ORDERED.

*Paul R. Gardephe*
Paul G. Gardephe
United States District Judge